UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICK J. BROWN and
SPIROS ANTHONY,

        Plaintiffs,

v.                                        Case No. 8:06-cv-1028-T-24TGW

MICHAEL E. BROWN,
BARBARA BROWN, and
B&B INDUSTRIES, INC.,

        Defendants.

_____/

## ORDER

      This cause comes before the Court on a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) filed by Defendants Michael Brown, Barbara Brown, and B&B Industries, Inc.  (Doc. Nos. 41, 43, 45, 53.)  Plaintiffs Patrick Brown and Spiros Anthony, who are proceeding pro se, have filed a response in opposition to Defendants' Motion to Dismiss.  (Doc. No. 56.)  For the reasons stated herein, Defendants' Motion is granted.

**I.**    **Background**

      On June 1, 2007, Plaintiffs filed a two-count complaint against Defendants for abuse of control and unjust enrichment.  (Pls.' Compl. ¶¶ 20-26.)  In this case, Plaintiffs seek to collect $497,500 in past due rent from Defendants who have occupied and conducted business on Plaintiffs' property since 1995.  (*Id.* at ¶ 1.)  The property at issue is located at 3203 Rutherford Road, Greenville, South Carolina.  (*Id.*)

      Plaintiffs allege that Defendant B&B Industries, Inc. is a corporation organized and existing under the laws of the state of South Carolina, and that Defendants Michael Brown and

Barbara Brown are the officers and directors of the corporation.  (*Id.* at ¶¶ 11-13.)  Plaintiffs

allege that, as officers and directors of B&B Industries, Inc., Defendants Brown and Brown were

required to exercise reasonable and prudent supervision over the company.  (*Id.* at ¶ 14.)

Furthermore,  Plaintiffs allege that, by failing to pay rent for their use of Plaintiffs' property,

Defendants Brown and Brown abused their control over B&B Industries, Inc. and were unjustly

enriched.  (*Id.* at ¶¶ 20-26.)

Plaintiffs assert that the Court has jurisdiction pursuant to 28 U.S.C. § 1391(a)(2) because

complete diversity exists between the parties and the amount in controversy exceeds $75,000.

(*Id.* at ¶ 2.)  Plaintiffs are individuals residing in Tampa, Florida, and Defendants reside and do

business in Greenville, South Carolina.  (*Id.* at ¶¶ 2-3.)  Furthermore, Plaintiffs assert that venue

is proper pursuant to 28 U.S.C. § 1391(a) because Plaintiffs reside in Tampa, Florida.  (*Id.* at ¶

3.)

On July 5, 2006, Defendants filed an Answer to Plaintiffs' Complaint in which they

assert, among other defenses, that venue is improper in this case.  (Defs.' Ans. ¶¶ 18-23.)

Defendants assert that because this case is founded only on diversity jurisdiction, venue is proper

in the Greenville Division of the U.S. Court for the District of South Carolina where each

Defendant resides.  (*Id.*)

## II.   Discussion

Defendants filed the instant motion to dismiss for improper venue pursuant to Rule

12(b)(3).  In the alternative, they move the Court to transfer this case to the Greenville Division

of the U.S. Court for the District of South Carolina.  Defendants assert that all of the events

giving rise to this lawsuit, including the alleged non-payment of rent, occurred in Greenville,

South Carolina.  Furthermore, all of the defendants and the property at issue are located in Greenville.  Therefore, they assert that venue is proper in the Greenville Division of the U.S. Court for the District of South Carolina.

In response, Plaintiffs argue that venue in the Middle District of Florida is proper because the suit involves a trust that was administered in this state.  Furthermore, they argue that Defendants have waived their right to object to venue by entering an appearance in this case and by filing responsive pleadings.

On a motion to dismiss based on improper venue, the plaintiff bears the burden of proving that venue is proper in the chosen forum.  *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004).  To resolve such a motion, the Court accepts all allegations of the complaint as true, unless contradicted by the defendant's affidavits, and draws all reasonable inferences and resolves all factual conflicts in favor of the plaintiff.  *Id.*  Because the Court's jurisdiction is founded only on diversity of citizenship, venue for this action is prescribed by 28 U.S.C. § 1391(a), which provides that the case may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Here, all of the events that form the basis of Plaintiffs' Complaint occurred in Greenville, South Carolina.  Plaintiffs do not dispute that the individual Defendants reside and conduct business in Greenville and that the corporate Defendant has its principle place of business and is therefore a resident of South Carolina.  Moreover, Plaintiffs specifically allege that Defendants owe past-due rent from property located there.  The only connection this case has with the

3

Middle District of Florida is the fact that Plaintiffs reside in Tampa, Florida, a fact which does not provide a proper basis for maintaining the suit in this venue under 28 U.S.C. § 1391(a).  The Court rejects Plaintiffs' argument that Defendants waived their right to object to venue because Defendants specifically alleged improper venue in their Answer.

Furthermore, the Court concludes that this case does not concern a trust administered in Florida, but rather involves the alleged non-payment of rent and is based on common law contract principles.  However, even if this suit somehow involves issues related to a Florida trust, Plaintiffs have provided no controlling authority to support their contention that this suit must be maintained in Florida for that reason.  Accordingly, the Court concludes that Plaintiffs have failed to establish that venue is proper in the Tampa Division of the Middle District of Florida, and therefore, this case must be dismissed.

Alternatively, Defendants move to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  Because the Court has already concluded that venue is improper, the Court declines to consider this alternative basis for dismissal.

## III.   Conclusion

Plaintiffs have not shown that venue is proper in the Tampa Division of the Middle District of Florida.  Therefore, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss  Plaintiffs' Complaint (Doc. No. 41) is **GRANTED.**  The Clerk is directed to close this case and to terminate any pending motions.

4

**DONE AND ORDERED** at Tampa, Florida this 27th day of March, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record